### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RASHID HUSSEIN, | : | CIVIL ACTION NO. 1:26-CV-1623 |
| | : | |
| Petitioner | : | (Judge Neary) |
| | : | |
| v. | : | |
| | : | |
| CRAIG A. LOWE, *et al.*,[1] | : | |
| | : | |
| Respondents | : | |

### ORDER

Presently before the court is a petition (Doc. 1) for a writ of habeas corpus filed by Rashid Hussein. Hussein is a Ghanan national who entered the United States without inspection or parole. (Doc. 7 at 4-5). On December 3, 2025, U.S. Immigration and Customs Enforcement ("ICE") detained him from when reported to immigration authorities in York, Pennsylvania, pending his removal proceedings. (Id. at 5). ICE is currently detaining Hussein pursuant to 8 U.S.C. § 1225(b)(2). (Id. at 2-3).

As explained in greater detail in this court's decision Chaudhari v. Rose, No. 3:26-CV-242, 2026 WL 540378, at *5-6 (M.D. Pa. Feb. 26, 2026), Section 1225(b)(2) is inapplicable to people like Hussein who were detained not at this country's border, but in the interior. Rather, if ICE wishes to detain Hussein, it must do so under 8 U.S.C. § 1226(a). Chaudhari, 2026 WL 540378, at *6. In order to be

---

[1] Though the petition names several parties, the only true respondent should be the warden of the facility having custody over Hussein. Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004).

detained under that provision, Hussein must be provided an individualized bond hearing. Id. That has not happened and so Hussein's detention is currently unlawful.

Therefore, AND NOW, this 2nd day of July, 2026, it is hereby ORDERED that:

1.      The petition for writ of habeas corpus (Doc. 1) is GRANTED.

2.      Respondent shall IMMEDIATELY RELEASE petitioner from custody on his own recognizance.

3.      Respondent shall certify compliance with this order by filing a declaration or affidavit pursuant to 28 U.S.C. § 1746 no later than **July 10th, 2026 at 5:00 p.m.** confirming that petitioner has been released from detention.

4.      The Clerk of Court is directed to enter judgment in favor of petitioner and close this case.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania